# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS ANTHONY GALLO, Administrator of the Estate of Anthony Edward Gallo, deceased, | Civil Action No. 2:19-cv-1260 |
| | TYPE OF PLEADING: |
| Plaintiff, | PLAINTIFF'S MOTION FOR DELAY DAMAGES PURSUANT TO P.R.C.P. 238. |
| | NATURE OF CASE:<br>Section 1983 Civil Rights Action<br>Excessive/Deadly Force |
| | FILED ON BEHALF OF: |
| VS. | The Plaintiff |
| | COUNSEL OF RECORD: |
| CHAD WEAVER, in his Individual Capacity;<br>JOSEPH RUGGERY, DALE BROWN,<br>STEVEN DRISCOLL and JOHN KEAN<br>all in their Individual Capacities; | Noah Geary, Esquire<br>123 Washington Street<br><br>Washington, PA 15301 |
| Defendants. | June 8, 2024 |

**JURY TRIAL DEMANDED.**

1

## PLAINTIFF'S MOTION FOR DELAY DAMAGES PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 238.

**AND NOW COMES** the Plaintiff, and respectfully submits as follows:

1. The Plaintiff, on May 29, 2024, obtained a Jury Verdict of $21,000,000.00 against Defendant Chad Weaver.

2. The Verdict constituted of $10,000,000.00 in compensatory damages and $11,000,000.00 in punitive damages.

3. The Claims advanced by the Plaintiff were: (1) a Wrongful Death claim under Title 42 Pa.C.S.A. Section 8301[1], (2) a Survival Action Claim pursuant to 42 Pa. C.S.A. Section 8302, and (3) a Civil Rights claim under the 4th Amendment for the unlawful seizure of the Plaintiff's deceased for the unlawful and intentional shooting death of 34 year old Anthony Gallo.

4. Pursuant to **Pennsylvania Rule of Civil Procedure 238, Damages for Delay in Actions for Bodily Injury, Death or Property Damages,** the Plaintiff is entitled to delay damages in this matter.

5. Specifically, pursuant to **Rule 238** and case law interpreting it, the purpose of delay damages is not to punish the defendant but to provides incentive for the settlement of cases. Defendants can readily protect themselves from the assessment of delay damages by making a prompt settlement offer in writing that bears a substantial relationship to the actual damages in the case. Schrock vs. Albert Einstein Medical Center, 589 A.2d 1103 (Pa. 1991).

---

[1] The Wrongful Death claim addressed the "wrongful act" of Weaver's intentional killing of Gallo, as opposed to a negligent act. (plaintiffs entitled to recover for damages for wrongful act *or* neglect of another).

6. Here, the Plaintiff filed a Complaint on September 30, 2019; defense counsel entered its appearance in January of 2020.

7. In September of 2022, the parties attended an ENE.

8. At that time, the Plaintiffs demanded a figure in the range of $8M - $12M; this was prior to the parties engaging in significant Expert Discovery in the case, particularly the discovery related to the parties' respective Use of Force Experts. The defense made no counter-offer, and no counter-offer in writing.

9. 2 weeks prior to trial, the Plaintiff demanded $17M; the defense countered with an amount "in the six figures". No counter-offer by the defense was made in writing.

10. Just prior to Opening Statements, the defense inquired into settlement; the Plaintiff relayed that the demand was $17M; the defense merely reiterated, verbally, that it was "in the six figures". No counter-offer by the defense was put in writing.

11. Pursuant to **Rule 238,** the Plaintiff is entitled to delay damages from the date of January 7, 2021 to the date of the Verdict on May 29, 2024 (no delay damages accruing for the period of one year following service of original process; here, defense counsel entered appearance on January 7, 2020).

12. The defense made no counter-offer in writing at any time. Furthermore, the Verdict obtained by the Plaintiff was far in excess of 125% of the six figure offer of the defense.

13. The rate to be utilized to calculate the interest on the compensatory damages awarded, pursuant to **Rule 238(a)(3),** is the prime rate of interest in the first edition of the Wall Street

Journal for the calendar year for each year the damages are awarded, plus one percent, not compounded.

14. Accordingly, the calculation of delay damages to which the Plaintiff is entitled, utilizing a Google Search to find the Wall Street Journal's prime rate of interest for Years 2021, 2022, 2023 and 2024, is as follows:

2021: $10,000,000.00 at 3.25% interest plus one percent = 4.25% = $425,000.00;

2022: $10,000,000.00 at 7.5% interest plus one percent = 8.5% =    $850,000.00;

2023: $10,000,000.00 at 8.5% interest plus one percent = 9.5% =    $950,000.00;

2024: $10,000,000.00 at 8.5% interest plus one percent = 9.5%  =   $390,000.00 (pro-rata)

15. The total of these 4 years interest appears to be $2,615,000.00.

16. The fact that this action was filed in the Western District of the United States District Court in no way disentitles the Plaintiff to delay damages; both state Court and Federal Court have jurisdiction over a 1983 Claim. Furthermore, every civil rights case filed by the Plaintiff's counsel has been removed to Federal Court by respective defense counsel.

17. Notice is hereby made to the Defendant as follows:

**NOTICE TO THE DEFENDANT PURSUANT TO RULE 238:**

**YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN ANSWER TO THE ATTACHED MOTION FOR DELAY DAMAGES WITHIN 20 DAYS FROM THE FILING OF THE MOTION OR THE DELAY DAMAGES SOUGHT IN THE MOTION MAY BE ADDED TO THE VERDICT OR DECISION AGAINST YOU.**

**(1) WITHIN 20 DAYS AFTER THE MOTION IS FILED, THE DEFENDANT MAY ANSWER SPECIFYING GROUNDS FOR OPPOSING THE PLAINTIFF'S MOTION. THE AVERMENTS OF THE ANASWER SHALL BE DEEMED DENIED. IF AN ISSUE OF FACT IS RAISED, THE COURT MAY, AT ITS DISCRETION, HOLD A HEARING BEFORE ENTERING AN APPROPRIATE ORDER.**

18.  Plaintiff hereby reserves the right to amend/correct this Motion for Delay Damages.

19.  This Motion is made timely because it has been filed within 10 days of the receipt of the Verdict on May 29, 2024.

**WHEREFORE,** the Plaintiff respectfully requests this Court, pursuant to **Pennsylvania Rule of Civil Procedure 238,** to award delay damages to the jury's May 29, 2024 verdict in this case.

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Attorney for Plaintiff
123 Washington Street
Washington, PA 15301
724-222-3788
PA ID 78382

June 8, 2024

## CERTIFICATE OF SERVICE:

I hereby certify that I served the following **Plaintiff's Motion for Delay Damages** upon Scott Bradley, Esquire this day via ecf-filing:

June 8, 2024                    /s/ Noah Geary
                                Noah Geary, Esquire
                                Attorney for Plaintiff