IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF

PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS ANTHONY GALLO**, Administrator of the Estate of Anthony Edward Gallo, deceased, | ) ) ) ) ) ) | Civil Action No. 2:19-cv-1260 <br><br> TYPE OF PLEADING: |
| **Plaintiff,** | ) ) ) ) ) ) ) ) | PLAINTIFF COUNSEL'S PETITION FOR ATTORNEY FEES and COSTS PURSUANT TO SECTION 1988 of the CIVIL RIGHTS ACT OF 1964. |
| | ) ) ) ) ) ) | NATURE OF CASE: <br> Section 1983 Civil Rights Action <br> Excessive/Deadly Force |
| **CHAD WEAVER**, in his Individual Capacity; **JOSEPH RUGGERY, DALE BROWN, STEVEN DRISCOLL and JOHN KEAN** all in their Individual Capacities; | ) ) ) ) ) ) ) | COUNSEL FOR PLAINTIFF: <br> Noah Geary, Esquire <br> 123 Washington Street <br> Washington, PA 15301 <br> 724-222-3788 <br> PA ID 78382 |
| **Defendants.** | | |

**June 19, 2024**

1

## MOTION FOR COUNSEL FEES and COSTS PURSUANT TO SECTION 1988 OF THE CIVIL RIGHTS ACT OF 1964:

**AND NOW COMES** the Plaintiff, Louis Anthony Gallo, Administer of the Estate of Anthony Gallo, deceased, by and through his attorney, Noah Geary, and hereby respectfully files this Motion for Counsel Fees and Costs, and in support, avers as follows:

1. On September 30, 2019 Plaintiff filed a Complaint against Pennsylvania State Police Trooper Chad Weaver and four of Weaver's supervisors alleging, inter alia, a violation of Anthony Gallo's constitutional rights against unlawful deadly force under the 4th Amendment, 42 U.S.C. §1983 and pursuant to Pennsylvania's Wrongful Death and Survival statutes.

2. The case was litigated for 6 years.

3. On May 29, 2024, after a 7 day jury trial, a jury awarded the Plaintiff 21 Million dollars; 10 Million in Compensatory Damages, and 11 Million in Punitive Damages against Defendant Weaver.

4. The Plaintiff respectfully files this Petition for Attorney Fees and Costs pursuant to Section 1988 of the Civil Rights Act of 1964, **Proceedings in Vindication of Civil Rights.**

5. In Fox vs. Vice, 563 U.S. 826 (2011), the United States Supreme Court stated:

> "[that] when a Plaintiff succeeds in
> remedying a civil rights violation,
> he serves as a 'private attorney general'
> vindicating a policy that Congress considered
> of the highest priority."
>
>                                          Id., at 833.

6. Plaintiff's counsel, Noah Geary, has been licensed to practice law in the Commonwealth of Pennsylvania since October of 1996 and has practiced law for 29 years.

7. Geary opened his own Law Office, as a solo practitioner, immediately.

8. Geary has tried over 70 jury trials.

9. Geary has handled both civil and criminal cases since 1996.

10. Geary has tried over 50 criminal Felony Jury Trials, including 3 Capital Murder Cases, 10 other murder cases and 10 rape cases. His criminal defense experience has proved invaluable to litigating civil rights cases.

11. Geary has also tried 15 civil jury trials, including 1983 actions and cases arising under Title VII.

12. Geary had a special interest in civil rights cases and has litigated every imaginable civil rights case, from false arrest and false imprisonment cases to jail/holding cell suicides to deliberate indifference to serious medical needs of pre-trial detainees and inmates to excessive force and deadly force cases as well as malicious prosecution cases.

13. Geary has litigated and won Wrongful Conviction cases advancing claims under the Federal Habeas Corpus Statute and the Pennsylvania Post-Conviction Relief Act; specifically, Geary has won the freedom for 3 wrongfully incarcerated persons: 2 wrongfully convicted of first-degree murder serving life sentences without the possibility of parole and 1 person wrongfully convicted of rape.

14. Geary worked on a Civil Rights case for 22 years, working for 13 years pro bono to obtain the freedom for David Munchinski, wrongfully convicted of a double murder. Geary then filed a Section 1983 Malicious Prosecution and Violation of 6th Amendment Due Process Right to Fair Trial claims against 2 sitting judges and the Pennsylvania State Police, No. 2:13-cv-1280 in the Western District. Geary worked on this Malicious Prosecution case for 9 years before his client, tragically, died right before trial.

15.     The case required Geary to sue Munchinski's prosecutors, who after the conviction had became Judges in the Fayette County Court of Common Pleas.

16.     The case resolved for $8.75 Million dollars two years ago.

17.     The Specially Presiding Judge over the underlying Post-Conviction Relief Act litigation (the entire Fayette County Bench was recused), barred re-trial of Munchinski due to Geary proving intentional, outrageous, patent, continuing and deliberate prosecutorial misconduct of Munchinski's prosecutors.

18.     In his Court Order granting relief, Judge Barry F. Feudale included a footnote, which stated:

> "We commend sole practitioner Noah Geary
> for his professional and earnest advocacy
> in this case. Such was in the finest tradition
> of one who aids and pleads another's cause
> before a Court".

19.     Geary has obtained 2 reversals from the Third Circuit Court of Appeals in Civil Rights cases, specifically, the reversal of the grant of qualified immunity at the Rule 12 Stage in a deadly force case and the reversal of the grant of Summary Judgment on the basis of qualified immunity in an invasion of bodily integrity/4th Amendment case.

20.     Plaintiff's counsel respectfully requests this Honorable Court to approve an hourly rate of Geary in this matter of $700.00/per hour.

21.     In support, the Plaintiff attaches Affidavits hereto evidencing that the hourly rate requested for Noah Geary in this matter is reasonable in this legal community, as well as given the scope and breadth of Plaintiffs' counsel's experience and skill in this particular field.

4

22.   Exhibits to this Motion include the following:

   **A. Itemization of Time, EXHIBIT "A", hereto;**

   **B. Bill of Costs with attached Itemization and copies of receipts for transcripts, "EXHIBIT B"**

   **C. Declaration of Attorney Tim O'Brien, Esquire, EXHIBIT "C";**

   **D. Affidavit of Attorney Francis Moore, Esquire, EXHIBIT "D"**

23.   The number of hours worked in 6 years of litigation, 873 hours, is reasonable.

24.   No charges are made for cost of copies, nor is travel time sought except for an entry or two.

**WHEREFORE**, for all of the above reasons, the Plaintiff respectfully requests that this Court enter an award granting the Plaintiff reasonable attorney's fees in the amount described herein.

Respectfully submitted,

<u>/s/ Noah Geary</u>
Noah Geary
123 Washington Street
Washington, PA 15301
724-222-3788
PA ID 78382

## CERTIFICATE OF SERVICE:

I hereby certify that I served the following **Plaintiff's Petition for Attorney Fees and Costs as the Prevailing Party** upon Scott Bradley, Esquire this day via ecf-filing:

June 19, 2024                          /s/ Noah Geary
                                                    Noah Geary, Esquire
                                                    Attorney for Plaintiff